UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VANESSA VARGAS )<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>COMMERCIAL RECOVERY SYSTEMS, INC. )<br>    Defendants, )<br>) | Civil Action No. 4:13-cv-01011 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.      INTRODUCTION**

1. This is an action for actual and statutory damages brought by plaintiff Vanessa Vargas, an individual consumer, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.     JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(1) in that the Defendant resides here, and the known Defendant is a resident of the State in which the district is located.  Since Defendant transacts business and resides here, personal jurisdiction is established.

## III.    PARTIES

4.  Plaintiff, <u>Vanessa Vargas</u> (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in <u>Northampton County</u>, in the state of <u>Pennsylvania</u>.

5.  Defendant, <u>Commercial Recovery Systems, Inc.</u> (hereinafter "CRS") is a collection agency and limited partnership engaged in the business of collecting debt in this state with its principal place of business located in <u>Harris County</u>, in the state of <u>Texas</u> at <u>8035 E. RL Thornton, Suite 220, Dallas, Texas 75228</u>.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant CRS acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   FACTUAL ALLEGATIONS

8. Sometime before 2013, Plaintiff, Vanessa Vargas, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff Vanessa Vargas.

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Upon information and belief, Defendant, within one year prior to the filing of this complaint, threatened to garnish Plaintiff's wages itself, put a levy on her property, and put a lien on her property, when it could not do what it threatened, in violation of the FDCPA.

12. Upon information and belief, Defendant, within one year prior to the filing of this complaint, left a voicemail on Plaintiff's mother's phone, alerting her to the alleged debt without Plaintiff's consent, and stating that it would file charges against Plaintiff, which was not true, both in violation of the FDCPA.

13. Upon information and belief, Defendant, within one year prior to the filing of this complaint, told Plaintiff there were charges filed against her in her county, and that it was calling her as a courtesy, but would recommend to the District Attorney in her area to proceed with the charges, when this was not true.

14. Upon information and belief, Defendant, within one year prior to the filing of this complaint, after Plaintiff explained that she fell behind in payments on the alleged debt, due to the fact that she was not working, and had some personal and medical problems, told Plaintiff that it knew she was faking being crazy, and that 'they' knew that she was faking being crazy also; without referring to who the aforementioned 'they' were. Defendant also told Plaintiff that her problems were 'her fault', which was unfair, offensive, abusive, and unconscionable, and recklessly stated without any definite knowledge as to the truth of such a statement, in violation of the FDCPA.

15. Upon information and belief, Defendant, within one year prior to the filing of this complaint, during a communication left on Plaintiff's mother's home phone via voicemail that was intended for Plaintiff, did not state that Defendant was a debt collector, attempting to collect on a debt, and that any information obtained would be used for that purpose.

16. Upon information and belief, Defendant, within one year prior to the filing of this complaint, lied to and/or mislead Plaintiff, telling her that she was being charged by Capital One with defrauding a credit card company, and with a 'TOS', which upon being further questioned by Plaintiff, Defendant identified as being an acronym for 'theft of service'.

17. Upon information and belief, Defendant within one year prior to the filing of this complaint, treated Plaintiff in such a hostile, abusive, and unfair manner, through statements in the manner of those stated above, knowing that it would annoy and/or harass Plaintiff, including after Plaintiff had just explained some of her personal and medical problems to Defendant, that Defendant caused Plaintiff during the conversation to cry uncontrollably; to the point that Plaintiff's husband had to intervene to help end the conversation and harassment.

18. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this alleged debt was collected by this Defendant.

19. Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, embarrassment, humiliation, anxiety, emotional distress, frustration, fear, and upset, amongst other negative emotions.

20. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## V.    CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

21. Plaintiff Vanessa Vargas repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

(a) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

(b) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by Defendant for the collection of the alleged debt; and

(c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take.

(d) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(e) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

23. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Vanessa Vargas respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; in an amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

Dated:  April 9, 2013                                    RESPECTFULLY SUBMITTED,
                                                        By: /s/ Kevin Crick
                                                        Kevin Crick
                                                        BBO:  680950
                                                        Consumer Rights Law Firm, PLLC
                                                        300 Brickstone Square, Suite 902
                                                        Andover, Massachusetts 01810
                                                        Phone: (978) 212-3300
                                                        Fax: (978) 409-1846
                                                        kevinc@consumerlawfirmcenter.com
                                                        **Attorney for Plaintiff**

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Vanessa Vargas demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.